UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH BRENT NOVAK,

    Plaintiff,

vs.                                                    Case No. 8:06-CV-1673-T-27TGW

ACKLEY, ACKLEY & WISE, D.M.D.'S, P.A.;
et al.,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** is Defendants' Motion to Dismiss and Motion to Strike Plaintiff's Complaint (Dkt. 3) and Plaintiff's Memorandum in Opposition (Dkt. 9). Upon consideration, Defendants' motion (Dkt. 3) is GRANTED *in part* but otherwise DENIED.

Plaintiff, a former employee of Defendant, filed this action alleging eight (8) separate causes of action against Defendants. Defendants contend that Count I (Breach of Employment Agreement - Unpaid Wages), Count II (Unpaid Wages), Count IV (Breach of the Duty of Good Faith - Employment Agreement), and Count VIII (Breach of the Duty of Good Faith and Fair Dealing - The Plan) are preempted by ERISA, as Plaintiff seeks as part of his unpaid wages claim "a percentage of the wages earned and contributed to the Plan that were characterized as 'pension contributions.'" (Dkt. 2; Complaint at ¶¶ 69, 75). Defendants further argue that Plaintiff's claims in Counts I, II, IV and VIII are related to and connected with the Plan and will require analysis and interpretation of the Plan. As to Count III, Defendants contend that Plaintiff's equitable claim for an accounting "cannot

-1-

survive because an adequate remedy of law exists." (Dkt. 3 at p. 7). Finally, Defendants challenge Plaintiff's claims for attorney's fees in Counts I, II, III and IV.

In Counts I and II of the Complaint, Plaintiff seeks unpaid wages during his "90 Day Termination Period of March, 2005 through and including May of 2005," "wages earned but unpaid as a result of Ackley's application of an incorrect and understated Actual Collection Ratio for several months" and "a percentage of the wages earned and contributed to the Plan that were characterized as 'pension contributions.'" (Dkt. 2, ¶¶ 69, 75). In Count IV, Plaintiff alleges that "Ackley failed to comply with the terms and conditions of the Employment Agreement which required it to pay Novak all accrued wages due and owing under the Employment Agreement, to accurately calculate the Company-Wide Collection Ratio used to compute Novak's wages, and to provide proper notice of its alleged pension and/or profit sharing plans to Novak so that he had a choice with respect to the extent of participation." (Dkt. 2, ¶ 90).

Section 514(a) of ERISA broadly provides that it "shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a); *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 522-23 (1981). ERISA's preemption is broadly construed. *Cotton v. Massachusetts Mut. Life Ins. Co*, 402 F.3d 1267, 1281 (11th Cir. 2005). In this Circuit, the broad scope of ERISA's preemption encompasses actions alleging breach of contract and breach of the covenant of good faith and fair dealing. *First Nat'l Life Ins. Co. v. Sunshine-Jr. Food Stores, Inc.*, 960 F.2d 1546, 1549-50 (11th Cir. 1992); *Mullenix v. Aetna Life and Casualty Ins. Co*, 912 F.2d 1406 (11th Cir. 1990); *Howard v. Parisian, Inc.*, 807 F.2d 1560 (11th Cir. 1987).

On the other hand, a reading of Plaintiff's Complaint reflects that his state law claims relating to unpaid wages are separate and distinct from his ERISA based claims set forth in Counts V, VI and

VII. Plaintiff's claims in Counts I and II are pure state law claims for lost wages. Those claims stand independently of the ERISA based facts alleged in the Complaint, albeit incorporated by reference. The claims set forth in Counts I and II do not implicate or require reference to an ERISA plan to state a claim. Simply put, enforcement of Plaintiff's lost wage claims is independent of any legal rights Plaintiff may have had under the ERISA plan. *See Wilcott v. Matlack, Inc.*, 64 F.3d 1458 (10th Cir. 1995); *Krause v. Dresser Industries, Inc.*, 910 F.2d 674, 680 (10th Cir. 1990). Although Plaintiff's causes of action in Counts I and II may have referred to a plan by virtue of the incorporated allegations, those claims are not subject to preemption by ERISA as they do not relate to an employee benefit plan. *See Phillips v. Amoco Oil Co.*, 799 F.2d 1464, 1470 (11th Cir. 1986) (state law claims are preempted by ERISA "only as they relate to employee benefit plans").

Count IV of Plaintiff's Complaint, pleading a cause of action for breach of the duty of good faith with respect to Defendants' performance under Plaintiff's Employment Agreement, is, as stated, preempted by ERISA. In paragraph 90, Plaintiff relies on Defendants' administration of the Plan. (Dkt. 2, ¶¶ 90-91). As stated, Count IV relates to and is connected with ERISA, as Count IV is premised on Defendants' failure to provide Plaintiff benefits he was entitled to under the terms of the Plan. *See Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir. 1997); *Variety Children's Hospital, Inc. v. Century Medical Health Plan, Inc.*, 57 F.3d 1040, 1042 (11th Cir. 1995).

As to Count III, Defendants' contention that Plaintiff is not entitled to an accounting for his lost wage claim because he has an adequate remedy at law is unpersuasive. While generally, a party seeking an equitable accounting must show the existence of a fiduciary relationship or complex transaction and demonstrate that the remedy at law is inadequate, a party is entitled to an equitable

accounting if necessary to determine the extent of the claimed damages for breach of a contract. *See In Re General Plastics Corp. v. Homeline Corp.*, 158 B.R. 258, 289 (Bankr. S.D. Fla. 1993)(citing *F.A. Chastain Construction, Inc. v. Pratt*, 146 So. 2d 910, 913 (Fla. 3d DCA 1962)).

Here, it is not Plaintiff's employment relationship with Defendant on which he relies in seeking an equitable accounting. Plaintiff alleges that pursuant to the employment agreement, his wages were based on the application of a ratio described as a "Company-wide Collection Ratio," which was known to be inaccurate. (Dkt. 2, ¶ 82). Plaintiff alleges that he is unable to ascertain the exact amount of unpaid wages due him under the employment agreement without an accounting of the actual corporate revenues and collections used by Defendants to compute the actual collections ratio as defined in the employment agreement. (Dkt. 2, ¶¶ 83-84). At this stage of the litigation, the Court is not able to conclude that it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim in Count III. A cause of action should not be dismissed for failure to state a claim under Rule 12(b)(6), Fed.R.Civ.P. "unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Bracewell v. Nicholson Air Services, Inc.*, 680 F.2d 103, 104 (11th Cir. 1982). Plaintiff's allegations must be viewed in a light most favorable to Plaintiff and accepted as true for purposes of Defendants' motion to dismiss. *Beck v. Deloitte & Touche*, 144 F.3d 732, 735 (11th Cir. 1998).

To the extent Defendants seek to strike Plaintiff's prayer for attorney's fees in Counts I, II, III and IV, that motion is DENIED. Plaintiff has properly pled entitlement to attorney's fees pursuant to Fla. Stat. § 57.105(1) (2006). Defendants' reliance on *Ganz v. HZJ, Inc.*, 605 So. 2d 871 (Fla. 1992) is misplaced, as that case addressed former § 57.105(1) (1991).

Accordingly, it is

**ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss Counts I, II and III is DENIED. Defendants' Motion to Dismiss Counts IV and VIII is GRANTED. Plaintiff has twenty (20) days leave within which to amend Count IV.[1] Plaintiff shall notify defense counsel in writing of its intention to amend Count IV. Defendants shall answer the Complaint within twenty (20) days of either, (1) Plaintiff's amendment, or (2) written indiction that he elects not to amend Count IV.

**DONE AND ORDERED** in chambers this 15th day of November, 2006.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record

---

[1] Plaintiff concedes that Count VIII is preempted by ERISA. (Dkt. 9, p. 12, n.3).

-5-